Ms. Herring, we're doing things a little backwards, but we'll... Yes, sir, responding up front. We'll hear you present your argument. And we'll take, if Mr. Witasick doesn't show up within the next few minutes, we'll take his arguments on the briefs. Thank you, Your Honor. My name is Jacqueline Herring, and I represent Standard Insurance Company and Minnesota Life Insurance Company. Eight years ago, the parties that settled this case entered into a written settlement agreement that was negotiated by counsel for both sides. And the expressed purpose of that settlement was to fully and finally settle all disputes between the parties. Four years after that settlement, the Witasicks disregarded the settlement and filed this lawsuit asserting the same claims that they had legally released and extinguished as part of that settlement. Let me ask you, what's the merits of the appeal? Yes, sir. And we do have a jurisdictional issue that you might address first, the Rule 58 issue. Okay, I will do that then. Yes, this is, there's an issue of timeliness here. The district court issued its opinion in March of 2013. And following that opinion, actually the same day as that opinion, the clerk appropriately issued a docket entry that said, the civil case is now terminated. And that docket entry satisfies what this court has said should be the mechanical application of Rule 58, which is essentially three requirements. It has to be a separate document. Certainly a separate docket entry, it's a separate document. The second is that it has to expound on what the result was, which this does. Civil case terminated. That was the ruling in this case. Case dismissed. Civil case terminated. So you think what's in the minute entry is sufficient? Yes, Your Honor. And some other circuits have held that. This circuit has not. But several circuits have held that an electronic docket entry is sufficient to satisfy the Rule 58. But let me ask you, I mean, the wording of Rule 58, it says judgment is entered when the judgment is entered in the civil docket. Yes, sir. That's what you're, that was the minute entry that you're referring to. And it is set out in a separate document. Now, the and would suggest that there are two things required. One is entering the civil docket, and it is set out in a separate document. Separate document meaning different from the court docket. So doesn't that suggest that you need a separate document, and that was not done in this case? I think it does suggest that to a certain extent. However, electronic documents these days are recognized as actual orders. This court certainly has rules that say. I wouldn't disagree with that for a moment. And that's fine for a minute entry, but the rule requires a separate document from the civil docket. You have to have an entry in the civil docket, and the judgment is set out in a separate document. And the, and I guess. Do you want me to read that again? No. I hear you on that one, Your Honor. But in this, what we have here, though, it is separate from the order that the judge entered, the memorandum and opinion of the court. So it is separate from that. And there is an electronic document that's associated with that docket entry, even though there isn't a paper document. But I thought the deficiency was that it didn't state the relief granted. I'm sorry. I said I thought the deficiency was that it didn't state the relief granted. It did, though. It said that the civil case was terminated. That was the relief that was granted. You don't know. You have no idea. You're right. That's what it says, civil case terminated. But you have no idea what the rights of the parties, who gets what, what happened. I mean, isn't that the function of a judgment to say who wins, who loses? What is it that you won? What is it that you lose? But what was won in this case is case dismissed. So we have a case, local union, number 1992 from 2004, where we say, pursuant to Rule 50, you have to say who's won and what was the relief that was awarded. That's a lot different than just civil case terminated, right? So civil case terminated doesn't really tell us anything. But in this case, that's what the relief was. This was a motion to dismiss. The judge granted the motion to dismiss and dismissed the case. The case was terminated. There wasn't, you know, a judgment to be entered for any type of monetary award for anybody one way or the other. The end result, the judgment was that the case was terminated. I just read you the line, which I won't read it again, but you would agree that civil case terminated isn't what I just read? Yes, sir. Okay. All right, so your argument is that the minute entries in the court docket are sufficient to satisfy Rule 58? Yes, Your Honor, and the Woodis 6 apparently thought that as well because they then subsequently filed a Rule 59 motion asking for the court to alter. Actually, they asked for a new trial, but asking the court to alter or amend the judgment that had been entered. And the judge ruled on that. That was a motion for reconsideration. You started your argument assuming that this court had jurisdiction over the appeal. Yes, Your Honor, I started with the merits argument before the jurisdictional argument. All right. You want to go ahead with that? Yes, sir. Judge Schneider, do you have any questions about the Rule 58 issue? No, I do not. Okay, thank you. I do have some questions as to whether or not this contingent matter gives us jurisdiction to hear the appeal. Maybe you would want to address that. This contingent? Yes. Doesn't that necessarily admit that there's no finality? And that really turns on how you view this separate docket entry. If the separate docket entry is not determined, the electronic docket entry of civil case terminated, if the court determines that that does not satisfy Rule 58, then at the time the witticics filed the contingent notice of appeal, there was a Rule 59 motion that was pending. And when a Rule 59 motion is pending, an appeal can be filed during that that then becomes effective when that decision is reached. Although that would, of course, be the witticics argument, not mine. But that's my understanding of the way the appellate rules function. But I guess on that point you'd say that with the contingent notice of appeal, the breadth of what's covered as far as what orders are covered by that is much narrower than what the witticics are attempting to say. It absolutely is, Your Honor. It's much narrower than the scope of the brief that they filed. The contingent notice of appeal specifies only that they are appealing the judgment from March or the order from March of 2013, which was the initial order granting the defendant's motion to dismiss in this case. The witticics never amended that notice of appeal to say, and we want to appeal the subsequent order denying our motion for reconsideration and the order denying our Rule 59 motion or the order denying our motion for leave to amend. None of those orders were ever appealed by the witticics. So we are limited to just the arguments that were raised by the witticics and the decision that was reached by District Judge Rodriguez. Did you state what those arguments are? Yes, Your Honor. They're outlined in our brief specifically, and it's the argument that the settlement is unconscionable, their argument that they obtained, quote, new evidence from their former attorney, Frank Parks, and that evidence, of course, was simply paragraphs typed into their brief and paragraphs typed into a motion that they filed, and also their argument that they're entitled to a good faith finding under Arizona law. So all of those arguments were not raised in the initial briefing on the motion to dismiss. What was addressed in the motion to dismiss was essentially what is in the complaint. The witticics contend that the settlement should be rescinded due to fraud in the inducement. That's what they pled in the complaint. That's what was argued before the district court before it issued its initial order. And the district court correctly ruled that fraud in the inducement simply is not pled here and is, in fact, negated. The witticics specifically negate several elements that they would need to prove in order to establish fraud in the inducement. One of the primary elements is a factual misrepresentation. And they don't, not only do they not allege a factual misrepresentation, they specify that the only disagreement that remained between the parties was the legal interpretation of the policy term incur. So according to the complaint, the only dispute, the only misrepresentations were, what does the word incur mean in this policy? And that's an opinion, a statement of law. It's not a misrepresentation of a fact. So they completely negated one of the elements that they need to establish. They also would need to establish that they were, quote, ignorant of the falsity of the statements made to them, and therefore they reasonably relied on the truth. And that is negated throughout their complaint. He is a lawyer. He used to be, Your Honor. I understand he's currently practicing as a paralegal, but he is not a licensed attorney. But he had a lawyer. He did have a lawyer. You represent him in these settlement agreements. Oh, yes. During the settlement agreement back in 2007, his lawyer initiated the settlement discussions at that time. And his lawyer, there was negotiations over a year before that settlement agreement was entered into. His lawyer signed off on that settlement agreement. And, in fact, the lawyer that represented him in this case at the district court level was the lawyer that signed as the notary witnessing the Wittesick signatures on that settlement from 2007. So, yes, the settlement itself was negotiated by counsel. Mr. Wittesick had counsel at the district court level. Counsel signed off on this complaint, filed this complaint. Can you comment on the argument that the malicious prosecution claim falls outside of the release? Yes. And I think there's two primary reasons why it does not. One is this release specifies that it was intended to fully and finally settle all disputes between the parties. Everybody knew at the time this release was signed in 2007, and this is, again, these are the facts that they allege in the complaint. Everybody knew. This complaint is replete with facts about how they knew Standard was involved in testifying in front of the grand jury. They knew about this federal criminal prosecution. They knew it was ongoing, had been ongoing for years, were actively involved in trying to dissuade the government from that criminal investigation. And yet there's nothing in the settlement that reserves any right to assert any claims based on Standard's involvement in that criminal investigation. Rather, the settlement specifies that it is to fully and finally resolve all disputes between the parties. Was the conduct that gives rise to the malicious prosecution, did that conduct occur before the settlement? It did, Your Honor. All of the prosecution was initiated in approximately 2003 or 2004, according to the complaint, and the settlement was signed in 2007. So is there language in the settlement that would embrace the conduct that leads to the malicious prosecution? There is language that they are covenanting not to sue based on any conduct that has occurred before the date that the settlement is entered into. There is language that releases any intentional or negligent torts. So tort claims are explicitly released, and it explicitly addresses conduct that occurred prior to the signing of that settlement. And all of that would encompass that malicious prosecution claim. And the criminal investigation is also, it's mentioned a couple times in the settlement, and it's still, but not in a reservation way. It is carved out of the confidentiality provision. The confidentiality provision specifies that it doesn't apply to the ongoing criminal investigation in Virginia. So again, it's very clear that everybody was well aware of that ongoing prosecution, and yet it was not carved out of the settlement in any way. It was conduct that occurred before the settlement happened. And only a federal prosecutor can initiate a federal grand jury indictment. So that's an additional problem with the malicious prosecution claim. Standard can't go get a federal criminal indictment. Only the U.S. attorney can do that. And the U.S. attorney is the one that initiated that prosecution. Ms. Herring, thank you very much. Thank you. We had some questions from Mr. Wittesik, but we'll have to take his arguments on the briefs. Judge Leger, anything further? No, no. I'm content. Okay. Thank you. Thank you, Ms. Herring. We'll take this case on record.